Melissa D. Ingalls (State Bar No. 174861)
melissa.ingalls@kirkland.com
Robyn E. Bladow (State Bar No. 205189)
robyn.bladow@kirkland.com
Tammy A. Tsoumas (State Bar No. 250487)
tammy.tsoumas@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

Attorneys for Defendants DIRECTV, Inc. and
DIRECTV Holdings LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| ROBERT GARY LIPPINCOTT, JR., individually, and on behalf of all others similarly situated,<br><br>　　　　*Plaintiff,*<br><br>　　v.<br><br>DIRECTV, INC., and DIRECTV HOLDINGS LLC,<br><br>　　　　*Defendants.* | CASE NO. 3:15-cv-05096-JCS<br><br>**STIPULATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT PURSUANT TO LOCAL RULE 6-1**<br><br>Hearing Date: N/A<br>Time:  N/A<br><br>Case Filed:  November 6, 2015<br>Trial Date:  TBD |

　　　　WHEREAS, on October 6, 2015, Plaintiff Robert Gary Lippincott, Jr. ("Plaintiff") filed a Complaint against DIRECTV, Inc. and DIRECTV Holdings LLC ("DIRECTV") in the Superior Court of the State of California for the County of Sonoma, and on October 7, 2015, served DIRECTV with that Complaint;

　　　　WHEREAS, on November 6, 2015, DIRECTV filed a notice of removal of this action to the United States District Court for the Northern District of California;

　　　　WHEREAS, in civil actions now pending in the Central District of California and in the Southern District of New York ("Related Actions"), other plaintiffs have challenged DIRECTV's exclusive NFL Sunday Ticket product under federal antitrust laws;

1
STIPULATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT　　　Case No. 3:15-cv-05096-JCS

1     WHEREAS, on August 27, 2015, one of the federal plaintiffs, pursuant to 28 U.S.C. § 1407, filed a motion for centralization to transfer the Related Actions to the United States District Court for the Central District of California with the United States Judicial Panel on Multidistrict Litigation ("JPML"), opening MDL No. 2668;

5     WHEREAS, DIRECTV has reached an agreement with plaintiffs in all other cases currently included as a related or tag-along action in MDL No. 2668 to extend DIRECTV's time to answer, move, or otherwise plead in response to the complaints in such actions until no less than 45 days after the JPML rules in MDL No. 2668 and plaintiffs have either filed or designated the operative complaint(s) in the District to which the JPML assigns the Related Actions;

10     WHEREAS, Plaintiff has informed DIRECTV that it intends to file a motion to remand this action (which DIRECTV will oppose);

12     WHEREAS, Plaintiff and DIRECTV agree that DIRECTV's time to answer, move, or otherwise plead in response to any forthcoming operative complaint filed by Plaintiff shall be extended until 45 days after the JPML rules in MDL No. 2668 and Plaintiff has either filed or designated the operative complaint(s) in the District to which the JPML assigns the Related Actions, or, in the event Plaintiff's motion to remand is granted, then DIRECTV's time to answer, move, or otherwise plead in response to Plaintiff's complaint shall be extended until 14 days after the order granting Plaintiff's motion to remand is entered by the presiding court;

19     WHEREAS, in the event that proceedings in MDL No. 2668 are terminated without a ruling, the parties agree that DIRECTV's time to answer, move, or otherwise plead in response is hereby extended until 45 days after Plaintiff has either filed or designated the operative complaint(s) in connection with the termination of proceedings in MDL No. 2668, or, in the event Plaintiff's motion to remand is granted, then DIRECTV's time to answer, move, or otherwise plead in response to Plaintiff's complaint shall be extended until 14 days after the order granting Plaintiff's motion to remand is entered by the presiding court;

26     WHEREAS, the parties agree that Plaintiff shall have 45 days to respond to any motion(s) that may be made by DIRECTV directed to Plaintiff's operative complaint(s);

28     WHEREAS, the parties agree that DIRECTV shall have 30 days after Plaintiff's response(s)

1 to file any reply in support of any motion(s) that may be directed to Plaintiff's operative
2 complaint(s);
3     WHEREAS, the parties agree that except as to the sufficiency of process or service of
4 process, the entry into this Stipulation by DIRECTV shall not constitute a waiver of any defenses
5 that may be available under Rule 12 of the Federal Rules of Civil Procedure, a waiver of any
6 affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, or a waiver of any other
7 statutory or common law defenses that may be available to DIRECTV;
8     WHEREAS, DIRECTV expressly reserves its rights to raise any such defenses, or file
9 motions to compel arbitration, in response to any operative or amended complaint that may be filed
10 by Plaintiff;
11     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, pursuant to Local
12 Rule 6-1, by and between Plaintiff and DIRECTV, by and through their undersigned counsel or
13 counsel acting on their behalf, that DIRECTV's time to answer, move, or otherwise plead in
14 response to Plaintiff's Complaint is extended until 45 days after either (i) the JPML rules in MDL
15 No. 2668 and Plaintiff has either filed or designated the operative complaint in the District to which
16 the JPML assigns the Related Actions; or (ii) MDL No. 2668 is terminated without a ruling and
17 Plaintiff has either filed or designated the operative complaint in connection with the termination of
18 proceedings in MDL No. 2668. Notwithstanding the foregoing, in the event Plaintiff's motion to
19 remand is granted, then DIRECTV's time to answer, move, or otherwise plead in response to
20 Plaintiff's Complaint is extended until 14 days after the order granting Plaintiff's motion to remand
21 is entered by the presiding court.
22     IT IS HEREBY FURTHER STIPULATED AND AGREED that the entry into this
23 stipulation by DIRECTV shall not constitute a waiver of any defenses except for insufficiency of
24 process or insufficiency of service of process. For the avoidance of doubt, DIRECTV expressly
25 reserves its rights to raise any other defenses, or file motions to compel arbitration, in response to
26 Plaintiff's complaint and any forthcoming operative complaint that may be filed in the Related
27 Actions.
28

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  November 9, 2015 | KIRKLAND & ELLIS LLP |
| 3 | | |
| 4 | | /s/ *Robyn E. Bladow*<br>Robyn E. Bladow |
| 5 | | Attorneys for DIRECTV, Inc. and DIRECTV Holdings LLC |
| 6 | | |
| 7 | Dated:  November 9, 2015 | ZIMMERMAN REED, LLP |
| 8 | | |
| 9 | | /s/ Caleb Marker<br>Caleb Marker |
| 10 | | |
| 11 | | 555 East Ocean Boulevard, Suite 500<br>Long Beach, California 90802<br>Telephone:    (877) 500-8780 |
| 12 | | Facsimile:    (877) 500-8781<br>E-Mail:           caleb.marker@zimmreed.com |
| 13 | | |
| 14 | | Counsel for Robert Gary Lippincott, Jr. |

Dated: November 12, 2015

*[Seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Joseph C. Spero]*

**SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-1(i)(3), I hereby attest that concurrence in the content and the filing of this document has been obtained from the other Signatory listed.

Dated: November 9, 2015                    KIRKLAND & ELLIS LLP

/s/ *Robyn E. Bladow*
Robyn E. Bladow

# CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to the attorneys of record who are registered CM/ECF users.

Furthermore, the document was served on the following parties who are not ECF participants by U.S. First Class Mail:

**Jason R. Lee**
Zimmerman Reed, LLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone:  612) 341-0400
Email:  brian.gudmundson@zimmreed.com
Email:  Jason.lee@zimmreed.com

**Arthur M. Murray**
Murray Law Firm
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone:  (504) 525-8100
Email:  amurray@murray-lawfirm.com

*Counsel for Plaintiff Robert Gary Lippincott, Jr.*

Executed on November 9, 2015, at Los Angeles, California.

KIRKLAND & ELLIS LLP

/s/  *Robyn E. Bladow*
Robyn  E. Bladow

Attorneys for DIRECTV, Inc. and DIRECTV Holdings LLC